UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANK DAMON, JR.,

                Plaintiff,

   v.                                         **DECISION AND ORDER**

UNITED PARCEL SERVICE,                         04-CV-746S

                Defendant.

---

1.    Plaintiff commenced this sex discrimination action on September 16, 2004, and filed an Amended Complaint on April 12, 2007. The case was referred to mediation pursuant to the Court's Plan for Alternative Dispute Resolution ("ADR Plan") on August 15, 2007. Presently before the Court is Plaintiff's Motion for Sanctions, pursuant to Section 2.3 of the ADR Plan, for Defendant's failure to participate in the mediation process fully or in good faith. (Docket No. 54.)

2.    An initial mediation session was held on October 2, 2007. Plaintiff's counsel attests that no settlement was reached at the first session, but that the parties agreed to continue mediation at a later date. (Docket No. 54-3, ¶ 20.) Counsel does not identify any objectionable conduct by Defendant on October 2, 2007.

3.    A second mediation session was held on July 8, 2008. Plaintiff's counsel states that the UPS representatives who participated in mediation did not have "speaking authority." (*Id.* ¶ 24.) Nevertheless, counsel attests that progress was made during the session. (*Id.*)

1

This latter statement suggests that Defendant's counsel and representative(s) came to the table with at least some settlement authority.  Plaintiff's bare objection to a lack of "speaking authority" does not provide a sufficient basis from which the Court can conclude that Defendant failed to participate in the second session in good faith.

4.    Settlement discussions with the mediator continued thereafter and, on August 1, 2008, counsel jointly informed the Court of their ongoing efforts toward resolution.

5.    A third mediation session was scheduled for October 3, 2008.  It is here that counsel's representations diverge.  Plaintiff's counsel avers that Defendant significantly "shifted ground" from earlier sessions, and "effectively derailed the process." (*Id.* ¶ 30.) Defendant's counsel attests that, on September 30, 2008, Defendant advanced a revised settlement offer which represented a significant increase from its prior offer. (Docket No. 61-2, ¶ 12.)  In response, on October 2, 2008, Plaintiff rejected the offer and increased his monetary demand, causing the mediation process to abruptly grind to a halt.  (*Id.* ¶ 13.)

6.    In sum, the parties agree that they made significant progress toward settlement over the course of a year, but that settlement ultimately failed.  Each blames the other for the inability to reach resolution.  Although this outcome is no doubt frustrating and disappointing, Plaintiff has failed to identify conduct by Defendant that warrants monetary sanctions.

7.    The Court notes that Plaintiff points to conduct outside the mediation process which he claims is indicative of bad faith, including defense counsel's failure to appear at scheduled conferences and his "failure to respond to all but a handful of the calls, letters and emails from Plaintiff's attorneys." (Docket No. 54-3 at 6-7.)  The Court already has taken corrective action with regard to the first complaint by requiring defense counsel's in-

person attendance at conferences. Plaintiff does not identify the subject of the communications to which Defendant has not responded. However, counsel's affidavit gives no indication that the purported failure to respond was with regard to the scheduling of mediation or settlement demands and offers. To the extent Plaintiff's generalized objection may relate to discovery, scheduling, or other matters outside mediation, the ADR Plan is not the appropriate avenue for relief.

7. For all the reasons stated, Plaintiff's Motion for Sanctions (Docket No. 54) hereby is DENIED.

SO ORDERED.

Dated:   January 6, 2009
         Buffalo, New York

                                              /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                           United States District Judge

3